# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8468 | **DATE** | 5/8/2003 |
| **CASE TITLE** | ANITA CRESS vs. UNITED AIRLINES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 7/8/03 at 9:00 a.m. Enter memorandum opinion and order. The motion to dismiss claims against defendant Fishburn and stay the remaining claims against United is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | MAY 12 2003 date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| LG courtroom deputy's initials | | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANITA CRESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 02 C 8468 |
| v. ) | |
| ) | Honorable John W. Darrah |
| UNITED AIRLINES, INC., and ) | |
| WILLIAM FISHBURN, in his individual ) | |
| capacity and as agent of United Airlines, ) | |
| Inc., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Anita Cress ("Plaintiff"), filed a single-count complaint against Defendants, United Airlines, Inc. ("United") and William Fishburn ("Fishburn"), alleging violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000(e) *et seq*. United moves, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), to dismiss. For the reasons that follow, Defendant's Motion to Dismiss Claims against Fishburn and to Stay the Remaining Claims against United is granted.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim,'... he must 'set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (internal citation omitted). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

## BACKGROUND

For purposes of this Motion to Dismiss, the following allegations are accepted as true.

Plaintiff was hired by United in June 1999 as a Customer Service Representative. Plaintiff is still employed by United. Plaintiff's performance met United's legitimate expectations. From June 1999 to the present time, Plaintiff has been subjected to unwanted and offensive sexual advances, innuendoes, and physical contact by United supervisors and employees. Plaintiff has also been subjected to unwanted propositioning by supervisors. Specifically, two United supervisors offered Plaintiff transfers and promotions if Plaintiff would consent to have sex with them. One of these supervisors was Fishburn. Plaintiff complained about this unwanted behavior on numerous occasions to her supervisor, Kevin Green; but neither Green nor United did anything. United did not investigate Plaintiff's complaints.

After Plaintiff complained to Green, she was denied transfers and promotions. Plaintiff was also denied security clearance to work in customer service. The complaint alleges that other employees who had the same security clearance problems as Plaintiff but who had not complained about sexual harassment were treated differently. The complaint does not allege what these security clearance problems are.

## DISCUSSION

Defendant argues that the action should be stayed pursuant to 11 U.S.C. § 362(a) because United has filed a petition for relief under Chapter 11 of Title 11 of the United States Code.

Under the bankruptcy code, the filing of a petition for bankruptcy automatically stays "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement" of bankruptcy proceedings. 11 U.S.C. § 362(a). Here, the complaint was filed on November 20, 2002; and United filed its petition for relief on December 9, 2002. An order for bankruptcy relief was issued on December 9, 2002. Therefore, pursuant to § 362(a), the action is stayed pending the resolution of United's bankruptcy proceeding.

Defendant also moves to dismiss the complaint as to Fishburn because (1) Title VII does not create a cause of action against an individual or, alternatively, (2) the proceeding against Fishburn should be stayed because the litigation against Fishburn threatens United's property and would, in effect, be a judgment against United.

Plaintiff's Title VII claim against Fishburn is dismissed with prejudice. The complaint alleges that Fishburn was Plaintiff's supervisor and that Fishburn offered to promote and/or transfer Plaintiff in exchange for sexual favors. "[W]hile Title VII's definition of 'employer' does include the term 'agent,' Congress intended only [that] employers . . . be [held] liable for their agent's actions under the traditional *respondeat superior* doctrine, not for agents to be personally liable." *Gastineau v. Fleet Mtge. Co.*, 137 F.3d 490, 494 (7th Cir. 1998). Therefore, the complaint is dismissed as to Fishburn.

## CONCLUSION

For the reasons stated herein, the Motion to Dismiss Claims against Defendant Fishburn and Stay the Remaining Claims against United is granted.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: May 8, 2003